## TAUBMAN SUPPLY CO. et al. v. NANCE et al.

No. 23769. Opinion Filed March 28, 1933.

Rehearing Denied April 25, 1933.

Frank E. Lee and Jas. C. Cheek, for petitioners.

Murrah & Bohanon, for respondents.

McNEILL, J. This is a proceeding to review an order and award of the Industrial Commission made on May 25, 1932. It appears that the respondent suffered a compensable injury on February 26, 1930, while "lifting a joint of eight-inch pipe on a truck, when skid slipped leaving employee holding full weight of one end of joint," as described in the stipulation and receipt filed with the Industrial Commission on April 19, 1930, which receipt also provided that the extent of disability was temporary, and that the character and extent of specific injury was that of "muscles of back strained." On February 13, 1931, the Commission approved the amount paid for temporary total disability, and ordered the case closed as to temporary total disability and the amount of permanent disability to be thereafter determined.

On March 15, 1932, respondent filed his motion before the Commission, requesting that his case be reopened on change of condition, and that he be awarded further compensation. The Commission, after the hearing, made its findings, in part, as follows:

"3. That claimant has heretofore been paid compensation for his temporary total disability resulting from said injury, and on August 19, 1930, this cause was closed on the Commission's Form 7, stipulation and receipt, showing the payment of said compensation in the amount of $7.70.

"4. That on March 15, 1932, the claimant filed his motion to reopen this cause on changed condition; that since said case was closed on the Commission's Form 7, there has been a change in the condition of the claimant, as a result of which he is now temporarily totally disabled; from the performance of manual labor and is in need of medical treatment for said disability. * * *"

Petitioners urge the following propositions:

"1. Compensation for temporary total disability of claimant having been paid and the claim closed, with the approval of the Commission, the Commission had no jurisdiction to award temporary total disability more than two years later under the pleadings and facts in this case.

"2. There was no competent evidence that the original injury for which claim was made was the cause of claimant's present disability.

"3. There was no competent evidence of total disability of claimant."

There is only one real question presented for our consideration, and that is whether there is any competent evidence to support the Commission's findings that the claimant was totally disabled and that this disability was attributable to the original injury. If the record shows a change of condition subsequent to original award and attributable to the original injury, the Com-

mission is not barred by the statute of limitations to make an additional award. Section 7296, C. O. S. 1921. The respondent described his condition after he returned to his work, and there is expert medical testimony to the effect that respondent at the time of the hearing, May 25, 1932, was totally disabled in performing work for any length of time, and that his condition at that time was attributable to his original injury; that he was suffering from osteoarthritis—productive osteoarthritis of the dorsal spine, and that his condition had grown worse since the original injury.

We find no merit in the contention of petitioners.

Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS and WELCH, JJ., absent.